RECEIVED
IN ALEXANDRIA, LA
JUN 3 0 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| MAURICE SCOTT | CIVIL ACTION NO. 05-0500-M |
| VS. | SECTION P |
| WARDEN JIMMY SHIVERS | JUDGE JAMES |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the civil rights complaint (42 U.S.C. §1983) of pro se plaintiff Maurice Scott filed in forma pauperis on March 18, 2005. Plaintiff is an inmate incarcerated in the Madison Parish Correctional Center (MPCC) in Talullah, Louisiana. He complains of the conditions of confinement at that facility and names Jimmy Shivers (MPCC Warden) and Felton Moore (Corrections Officer) as his defendant.

Plaintiff asks the court to "...look into this incident to prevent further problems at this institution..." [Doc. 1, Paragraph V]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

On February 25, 2005 plaintiff was in the process of exiting his dormitory for lunch when defendant Moore slammed the door in his face. Plaintiff knocked on the door to determine why he had been excluded from lunch. Corrections Officer Moore answered his knocks and threatened to break plaintiff's jaw; he also advised plaintiff that he did not want to see him again for the remainder of that day. Plaintiff remained in his dormitory for the rest of the day.

On February 27, 2005, plaintiff returned to dining hall in fear. Moore looked at plaintiff but did not say or do anything to him.

Plaintiff named Warden Shivers as a defendant because he "...is aware of inmates being denied their rights..." and because he "...created the customs allowing the employees under him to violate [plaintiff's] rights..."

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner is allowed to litigate a civil rights complaint *in forma pauperis,* the district court is obliged to dismiss the case at any time if it determines that the complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C.A. § 1915(e)(2)(B). See 28 U.S.C.A. § 1915A (stating that when a prisoner seeks redress from a governmental entity or one of its employees, the court shall review the complaint as soon as practicable and dismiss it if the court finds the complaint frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief); 42 U.S.C.A. § 1997e(c) (providing that a district court shall on its own motion or the motion of any party dismiss a complaint by a prisoner regarding prison conditions if the court is satisfied the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant).

A claim is frivolous if it has no arguable basis in law or fact. *Nietzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)

(quotation omitted). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998).

While district courts are required to construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), they are, nonetheless, given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).

Plaintiffs must support their claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). See *Wesson v. Ogleby*, 910 F.2d 278, 281 (5th Cir.1990) ("An *IFP* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under [§ 1915(d)(2)(B) ]."). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

With these principals in mind, the court has examined the substantive claims asserted by the plaintiff.

## 2. Threats

Plaintiff claims that he was verbally threatened by a prison guard. Verbal threats, without more, do not support a claimed constitutional violation. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983).

4

### 3. Denial of Meal

Plaintiff alleges that he was denied meals on February 25 and February 26, 2005.

The fact that an inmate misses an occasional meal does not necessarily implicate the inmates's constitutional rights. See *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir.1999); *Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir.1986); see also *Talib v. Gilley*, 138 F.3d 211, 214 n. 3 (5th Cir.1998) ("Missing a mere one out of every nine meals is hardly more than that missed by many working citizens over the same period.").

Plaintiff has alleged that he missed some meals. He does not state any additional facts that would indicate that he faced a substantial risk of harm because of the incident. Accordingly, he has failed to state a cognizable claim against defendants arising from his deprivation of several meals. *Oladipupo v. Austin*, 104 F.Supp.2d 626, 640 (W.D.La. 2000).

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim on which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal**

conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE